UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| W.A. CALL MFG. CO., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILINE NETWORKS INC.,<br><br>Defendant. | Case No. 24-cv-07141-LB<br><br>**ORDER GRANTING AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 28 |

# INTRODUCTION

In this putative class action, the plaintiffs sued their internet and phone service-provider, WiLine. The plaintiffs allege that WiLine improperly raised their rates, did not inform them of an automatic renewal policy, and then threatened them with termination fees. They claim breach of contract, a violation of the Federal Communications Act (FCA), unjust enrichment, unfair competition, fraudulent concealment, false promise, conversion, and negligence. The defendant moved to dismiss all non-contract claims as inadequately plead and/or barred by the economic-loss rule. The claims for unfair competition and false promise survive. The rest are dismissed.

# STATEMENT

The named plaintiffs are three customers of WiLine: "a nationwide company that primarily provides fixed-wireless Internet and telephone services to personal consumers, as well as to small

ORDER – No. 24-cv-07141-LB

business consumers."[1] They filed suit on behalf of all persons and/or businesses in the State of California who incurred WiLine termination fees or were subjected rate increases.[2]

WiLine uses a form contract for its internet and phone customers: the Service Agreement.[3] In eight-point font, the Service Agreement says that the customer agrees to be bound "to this Order and Service Agreement Terms and Conditions as posted on www.wiline.com."[4] The Service Agreement and its terms are not merely reproduced on the website. Rather, the Terms and Conditions is a separate document available only online.[5] To access the Terms and Conditions, a customer has to navigate two additional pages from the homepage.[6]

The Terms and Conditions contain three relevant provisions. First, WiLine reserved the right to apply an annual price adjustment, based on the consumer price index, with 30 days' notice.[7] Second, the Terms and Conditions contain an automatic renewal clause, which — absent 30 days' written notice from the customer — renews the agreement for a renewal term.[8] Finally, the Terms and Conditions impose an early termination fee, calculated based on the number of months remaining under the renewal term.[9]

The plaintiffs allege that, notwithstanding the above, WiLine increased its rates more than once a year, without notice, and by greater amounts than permitted. They further allege that WiLine hid the existence of the automatic-renewal clause and used the cancellation fee to extract extra funds from consumers or prevent them from cancelling.[10]

---

[1] Compl. – ECF No. 1 at 2 (¶ 4), 6 (¶¶ 27–29). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers.

[2] *Id.* at 30 (¶ 151).

[3] *Id.* at 2 (¶ 4).

[4] *Id.* at 3 (¶¶ 7–9).

[5] *Id.* at 3 (¶¶ 9–11).

[6] *Id.* at 3 (¶ 12).

[7] *Id.* at 4 (¶¶ 15, 17).

[8] *Id.* at 4 (¶ 20).

[9] *Id.* at 5 (¶ 26).

[10] *E.g., id.* at 4–5 (¶¶ 15–26).

# ANALYSIS

The defendant moves to dismiss claims two through eight for failure to state a claim.

## 1. Claim 2 – Communications Act, 47 U.S.C. § 201

The issue is whether the complaint adequately alleges that WiLine's conduct has been declared unlawful by the FCC. It does not.

Common carriers cannot engage in any "charge, practice, classification, or regulation that is unjust or unreasonable." 47 U.S.C. § 201(b). But there is only a private right of action after the FCC determines that the conduct alleged violates the statute. *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010). Thus, a complaint that does not identify an FCC determination that the challenged conduct violates Section 201 must be dismissed. *Id.*

The complaint alleges that WiLine's conduct violated Section 201 but does not identify any FCC determination to that effect.[11] Thus, the complaint fails to state a claim. Leave to amend is granted based on the information in the plaintiff's opposition brief.

## 2. Claim 3 – Unjust Enrichment

The issue is whether unjust enrichment is a cognizable claim and, if so, whether it is adequately plead. The claim fails on both fronts.

First, unjust enrichment is an equitable principle, not a standalone claim. *E.g., Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 829 (N.D. Cal. 2022) ("As this Court has repeatedly held, California does not recognize a separate cause of action for unjust enrichment." (cleaned up). Second, the complaint does not adequately allege that legal remedies are inadequate. To the contrary, the plaintiffs' unjust enrichment claim alleges that they were overbilled, which is easily addressed by monetary damages.[12] The claim is dismissed with prejudice, though leave to amend is granted if the plaintiffs wish to seek equitable remedies for their other claims.

---

[11] Compl. – ECF No. 1 at 34 (¶¶ 171–177).

[12] *Id.* at 35 (¶¶ 181–82).

### 3. Claim 4 – Unfair Competition

The issue is whether the complaint states a claim for unfair competition. It does.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal Bus. & Prof Code § 17200. A violation of almost any federal, state, or local law may serve as the basis for a UCL claim. *Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994). Alternatively, a practice may be "unfair or fraudulent in violation of the UCL even if [it] does not violate any [other] law." *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 827 (2003).

The central issue presented by a UCL claim "is whether the public at large, or consumers generally, are affected by the alleged unlawful business practice." *In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 998-99 (N.D. Cal. 2010). A large or sophisticated company cannot bring a UCL claim where the underlying contract does not involve either the public or individual consumers. *TopDevz, LLC v. LinkedIn Corp.*, No. 20-CV-08324-SVK, 2021 WL 3373914, at *4 (N.D. Cal. Aug. 3, 2021). Finally, plaintiffs asserting UCL claims must "establish that they lack an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (cleaned up).

First, the defendant argues that the named plaintiffs — all business customers — cannot avail themselves of the UCL. Not so. The case is a putative class action on behalf of all persons and/or businesses in the State of California who incurred WiLine termination fees or service rate increases.[13] The complaint also alleges that WiLine uses contracts of adhesion, as opposed to negotiated agreements, further distinguishing *TopDevz* and similar cases. *See Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 U.S. Dist. LEXIS 148374, at *15 (N.D. Cal. Oct. 29, 2015) (allowing UCL claim related to form contracts brought by class of plaintiffs that were not entirely sophisticated entities).

Second, the defendant questions the inadequacy of legal remedies. The plaintiffs concede that three of their theories stem from breach of contract: (1) billing in excess of the agreed upon Service Agreements; (2) applying increases to service charges more frequently than agreed upon

---

[13] *Id.* at 30 (¶ 151).

in the Service Agreements; and (3) failing to provide advance written notices of service charge increases as required and agreed upon in the Service Agreements.[14] Legal remedies may be sufficient. But the plaintiffs also allege that the defendant (4) induced the plaintiffs into adhesion contracts, whose terms are procedurally and substantively unconscionable and (5) failed to provide contract terms that are just and reasonable. The plaintiffs are correct that, without prospective injunctive relief, the defendant could continue those practices.

Third, the defendant argues that the complaint does not sufficiently allege conduct that is unlawful, unfair, or fraudulent. The argument fails for the reasons set forth above. In addition, the complaint alleges potentially unfair or fraudulent conduct like obscuring relevant terms. And whether a business practice is unfair or deceptive is usually a question of fact not appropriate for decision on a motion to dismiss. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 135 (2007); *see also Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 566 (9th Cir. 2017).

The unfair competition claim survives.

### 4. Claim 5 – Concealment

The issue is whether the complaint states a claim for concealment. It does not.

The elements of concealment are: "(1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as [it] did if [it] had known of the … fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 985 (N.D. Cal. 2009). A duty to disclose arises where one party has exclusive knowledge of a fact. *Id.* To show exclusive knowledge, a plaintiff must "demonstrate that when the contract was made, the defendant was aware of facts

---

[14] Opp'n – ECF No. 38 at 18.

which could not be known by the plaintiff." *Handy v. Logmein, Inc.*, 2016 WL 4062102, at *9 (E.D. Cal. Jan. 27, 2016). Concealment must be pled with particularity under Rule 9(b).

The complaint does not plausibly allege that the defendant had a duty to disclose a material fact. Instead, it simply recites that the defendant "had exclusive knowledge of the Terms and Conditions."[15] The allegation is a conclusory recitation of a legal element, and therefore is not presumed to be true. Moreover, the complaint acknowledges, and the plaintiffs' brief concedes, that the Terms and Conditions were available online.[16] The plaintiffs also admit that the signed agreements indicated that the Terms of Service existed, albeit at an imprecise URL.[17]

The concealment claim is dismissed with prejudice. *Kumandan v. Google, LLC*, 2022 WL 103551, at *9 (N.D. Cal. Jan. 11, 2022) (dismissing claims where allegedly concealed information was in publicly available terms of service).

## 5. Claim 6 – False Promise

There are two issues: whether the complaint states a claim for false promise and whether the economic loss rule bars the claim. The claim survives.

### 5.1 The pleadings satisfy Rule 9(b).

"Under California law, a cause of action for fraud based on a false promise must allege: (1) a material misrepresentation, (2) knowledge of its falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage." *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F. Supp. 2d 929, 938–39 (N.D. Cal. 2008). "A false promise is actionable on the theory that a promise implies an intention to perform, that intention to perform or not to perform is a state of mind, and that misrepresentation of such a state of mind is a misrepresentation of fact." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (1991) (cleaned up). Fraud must be pled with particularity. Fed. R. Civ. P. 9(b).

---

[15] Compl. – ECF No. 1 at 37 (¶ 30).

[16] *Id.* at 3 (¶ 10–12); Opp'n – ECF No. 38 at 22.

[17] Opp'n – ECF No. 38 at 22.

The complaint adequately pleads false promise. In short, it alleges that, to induce the plaintiffs into a contract, WiLine promised that it would only raise its rates once a year with 30 days' notice and at a rate based on the consumer price index.[18] The complaint further alleges that, at the time WiLine made these promises, it did not intend to perform.[19]

WiLine's arguments to the contrary fail. WiLine objects that the complaint does not specify when, where, and how the false promises were made. In context, the promises were clearly made via the agreement at the time and place the plaintiffs entered their respective contracts. WiLine also argues that the plaintiffs do not adequately allege that it lacked intent to perform. But "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As support, the complaint further alleges that WiLine had not performed for other customers and knew that logistical challenges and contractual fees would disincentivize customers from cancelling even if it did not perform.[20] Finally, the defendant objects that the plaintiffs' allegations of reliance are inconsistent with their allegations that the defendant hid the Terms of Service. At the pleadings stage, inconsistent allegations are allowed. Fed. R. Civ. P. 8(d)(3).

**5.2    The economic-loss rule does not apply.**

Under the economic-loss rule, purely economic losses stemming from breach of a contract generally do not give rise to tort liability. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 20 (2024). Thus, to avoid the rule, a plaintiff must show that the defendant's conduct breached a duty that was not created by the contract and that the resulting harm was not reasonably contemplated by the parties during contracting. *Id.* at 20–21. While parties to a contract allocate the risk of breach, they do not reasonably contemplate fraudulent behavior by the counterparty. *Rattagan*, 17 Cal. 5th 1 at 38 ("[T]he economic loss rule does not apply to limit intentional tort claims like fraud."); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 992–93 (2004) ("[P]arties cannot, and should not, be expected to anticipate fraud and dishonesty in every transaction.").

---

[18] Compl. – ECF No. 1 at 39 (¶ 210).

[19] *Id.* at 39 (¶ 211).

[20] *Id.* at 39 (¶ 210–213), 30 (¶ 149).

WiLine's reliance on the economic loss rule is misplaced because it is accused of fraud, not merely breach of contract. In other words, WiLine had a duty not to make false promises under California law irrespective of the contract. And, when entering into the agreement, the plaintiffs would not have reasonably anticipated that WiLine did not intend to perform the promises described therein. The rule does not apply.

*   *   *

The false-promise claim survives.

### 6. Claim 7 – Conversion

The issue is whether the complaint states a claim for conversion. It does not.

Conversion requires: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). Pursuant to the economic-loss rule, courts dismiss conversion claims that merely repackage a contract claim or seek reimbursement of funds provided under a contract. *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1058 (N.D. Cal. 2021); *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806, 815 (N.D. Cal. 2022) (dismissing conversion claim because the allegations supporting it "mirror[ed] [the] allegations supporting the breach of contract claim").

Here, the conversion claim fails because it mirrors the breach-of-contract claim. Unlike the fraud claim, there is no daylight between the theories. The breach of contract claim accuses the defendant of "withdraw[ing] from Plaintiffs' bank accounts more fees than were allowed by the Service Agreements and their associated Terms and Conditions" and seeks recovery of the same.[21] Likewise, the conversion claim is premised on "more money being taken from [Plaintiffs'] bank accounts than what was allowed by the agreements."[22] And while the complaint pleads tortious

---

[21] *Id.* at 33 (¶ 167).
[22] *Id.* at 41 (¶ 225).

conduct, that conduct is not tethered to the conversion claim as revealed by the remedy that the plaintiffs seek.

The claim is dismissed with leave to amend.

**7. Claim 8 – Negligence**

The issue is whether the complaint states a claim for negligence. The answer is no.

The elements of negligence are duty, breach, causation, and damages. *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1063 (N.D. Cal. 2015).

The complaint fails on multiple fronts. Duty of care is not discussed. The complaint alleges that "[a]t all times herein, Defendant acted negligently in its contract negotiations, contract execution, and billing practices." That does not explain what acts constituted breach. Similarly, it alleges without explanation that the plaintiffs were harmed, which does not illuminate causation or damages. Finally, it claims that WiLine "violated California Financial Code § 100000, et seq., by hiring a debt collection agency it knew, or should have known, was not registered to collect debts in the State of California" which "constitutes negligence per se."[23] Again, there are no supporting facts to support that threadbare allegation; it is not even clear if the rule applies.[24]

The plaintiffs also argue negligence per se based on alleged violations of Section 201 of the FCA. The defendant responds that the economic loss rule applies. The plaintiffs' response — that the negligence caused non-economic damages like depriving the plaintiffs of the ability to make informed choices or choose other telecommunications providers — is not sufficiently pled, nor is the underlying Section 201 claim. Without adequate pleadings, the court cannot rule on the applicability of the economic loss rule.

The claim is dismissed with leave to amend.

---

[23] *Id.* at 41–42 (¶¶ 227–234).

[24] Opp'n – ECF No. 38 at 29 ("Plaintiffs concede that the Complaint does not specifically contain the allegations that they fall under the purview of the DLCA and that they were harmed by Defendant's violation thereof.").

# CONCLUSION

The court resolves the motion as follows:

Claim 2 – Section 201: dismissed with leave to amend.

Claim 3 – Unjust Enrichment: dismissed with prejudice.

Claim 4 – Unfair Competition: motion denied.

Claim 5 – Concealment: dismissed with prejudice.

Claim 6 – False Promise: motion denied.

Claim 7 – Conversion: dismissed with leave to amend.

Claim 8 – Negligence: dismissed with leave to amend.

The plaintiffs must file any amended complaint, accompanied by a legal blackline, within 21 days of this order.

**IT IS SO ORDERED.**

Dated: May 27, 2025

LAUREL BEELER
United States Magistrate Judge