UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| W.A. CALL MFG. CO., INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILINE NETWORKS INC.,<br><br>    Defendant. | Case No. 24-cv-07141-LB<br><br>**ORDER DENYING MOTION TO STRIKE AND DISMISS**<br><br>Re: ECF No. 58 |

## INTRODUCTION

In this putative class action, the plaintiffs, on behalf of themselves and a class of California consumers, sued their internet and phone service-provider, WiLine. The plaintiffs allege that WiLine violated their service agreements by increasing rates more than once per year, without thirty days' notice, and in amounts exceeding the Consumer Price Index (CPI). They also allege that WiLine obscured automatic renewal terms and used early termination fees to extract additional funds or deter cancellations. The plaintiffs assert four claims: breach of contract; a violation of the Federal Communications Act (FCA) under 47 U.S.C. § 201(b); unfair competition under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; and false promise (as to the named plaintiffs only).

ORDER – No. 24-cv-07141-LB

WiLine moved to strike the class allegations under Federal Rule of Civil Procedure 12(f), arguing that individualized inquiries predominate and class treatment is impossible under Rule 23. WiLine also moves to strike Paragraph 193 of the UCL claim, which references California Penal Code § 484 (theft), on the ground that it rehashes a previously dismissed conversion claim. Finally, WiLine moves to dismiss claims two through four (the non-contract claims) under Rule 12(b)(6) for failure to state a claim. The motion is granted in part and denied in part. The FCA claim (claim two) is dismissed because the plaintiffs do not identify an FCC determination that the challenged conduct violates § 201(b). The UCL claim (claim three) is dismissed because the plaintiffs do not allege that they lack an adequate remedy at law. The motion to strike paragraph 193 is granted because it is irrelevant to any claim (without prejudice, as explained below). The false-promise claim (claim four) survives because it is adequately pled. The motion to strike the class allegations — now confined only to the contract claim — is denied because the issue is better resolved at the class-certification stage after discovery.

**STATEMENT**

WiLine is a nationwide company that provides internet and telephone services to consumers in California. The named plaintiffs are three California business customers of WiLine: W.A. Call Mfg. Co., Inc., Lisa Diaz d/b/a Legacy Dance Academy, and Alilang LLC.[1] They bring this action on behalf of a putative class of all persons and businesses in California who incurred WiLine termination fees or service-rate increases.[2] WiLine uses form customer-service agreements (CSAs) for its customers.[3] The CSAs reference Terms and Conditions posted online at www.wiline.com, accessible via navigation (through two pages) from the homepage.[4] The Terms and Conditions include (1) a provision allowing WiLine to apply an annual price adjustment based on the CPI with thirty days' notice, (2) an automatic renewal clause renewing the agreement for

---

[1] FAC – ECF No. 52 at 2 (¶¶ 4–5), 5–6 (¶¶ 28–31). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 30 (¶ 151).

[3] *Id.* at 2–3 (¶ 6).

[4] *Id.* (¶¶ 6–12).

successive terms absent thirty days' written notice from the customer, and (3) an early termination fee (calculated based on remaining months in the term).[5]

The plaintiffs allege that WiLine increased rates more than once per year, without thirty days' notice, and by amounts exceeding CPI adjustments.[6] They further allege that WiLine obscured the automatic renewal terms and used early termination fees to extract extra funds or prevent cancellations.[7] The named plaintiffs each allege that they were subjected to unauthorized rate increases or hidden renewal terms.[8] W.A. Call experienced unauthorized rate increases and was threatened with early termination fees.[9] Diaz faced similar increases and threats,[10] and Alilang encountered the same issues.[11] The plaintiffs claim that these practices violated the CSAs and Terms and Conditions (claim one for breach of contract), constituted unjust or unreasonable practices under the FCA, 47 U.S.C. § 201(b) (claim two), were unlawful, unfair, or fraudulent under the UCL (including a reference to Penal Code § 484 in ¶ 193) (claim three), and involved false promises made without an intent to perform (claim four, by the individual plaintiffs only).[12]

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1).[13] The court held a hearing on September 11, 2025.

## ANALYSIS

WiLine moves to strike the class allegations and Paragraph 193 and to dismiss the FCA, UCL, and false-promise claims (claims two through four). The FCA and UCL claims are dismissed. The false-promise claim survives. The class allegations — now relevant only to the contract claim (claim one) — are better addressed through motions after class discovery.

---

[5] *Id.* at 4–5 (¶¶ 16–25); Terms & Conditions, Ex. A to Compl. – ECF No. 1-1 at 6.
[6] FAC – ECF No. 52 at 4 (¶¶ 15–19).
[7] *Id.* at 4–5 (¶¶ 20–27), 8–9 (¶ 47), 10–11 (¶¶ 59–65).
[8] *Id.* at 23–29 (¶¶ 98–145).
[9] *Id.* at 23–25 (¶¶ 101–11).
[10] *Id.* at 25–27 (¶¶ 116–29).
[11] *Id.* at 27–29 (¶¶ 130–45).
[12] *Id.* at 32–39 (¶¶ 164–211).
[13] Consents – ECF Nos. 11, 18, 37; Order – ECF No. 47.

### 1. Motion to Dismiss

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### 1.1 FCA Claim

WiLine moves to dismiss the § 201(b) claim, arguing that no private right exists without an FCC determination that the specific conduct is unjust or unreasonable.[14] The plaintiffs argue that FCC findings on similar conduct (unauthorized charges, misleading rates, deceptive practices, hidden renewals) suffice.[15] The claim is dismissed.

Common carriers cannot engage in any "charge, practice, classification, or regulation that is unjust or unreasonable." 47 U.S.C. § 201(b). A private right of action exists only after the FCC determines that the conduct violates § 201(b). *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010). Thus, a complaint that does not identify an FCC determination that the challenged conduct violates Section 201 must be dismissed. *Id.*

The plaintiffs argue that the conduct here resembles regulated activity, and that is enough to state a claim.[16] Their cited authority does not support that proposition. *See Glob. Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 52–53 (2007); *N. Cnty. Commc'ns*,

---

[14] Mot. – ECF No. 58 at 24–27.

[15] Opp'n – ECF No. 62 at 21–24.

[16] *Id.* at 21.

594 F.3d at 1158. *Global Crossing* involved a violation of an FCC regulation requiring long-distance carriers to compensate payphone operators for calls in a specific amount. 550 U.S. at 52–53. *North County* vacated a judgment on the ground that the FCC had not determined that a failure to pay the rates in question — a commercial mobile radio-service provider's allegedly unlawful failure to pay a competitive local exchange carrier — violated § 201(b). 594 F.3d at 1158.

The plaintiffs cite FCC determinations that do not match the issues in this case.

*Protecting Consumers* addressed bans on making material misrepresentations during sales calls (about carriers changing providers without customer permission) and placing unauthorized charges on phone bills. *In re Protecting Consumers from Unauthorized Carrier Chargers & Related Unauthorized Charges*, 33 FCC Rcd. 5773, 5773 (2018). *NOS Communications* did not say that any rate increase violates § 201(b). It found a violation when a long-distance provider sold phone plans with a pricing methodology and then switched users without permission to a different pricing methodology. *In the Matter of NOS Commc'ns*, Inc., 16 FCC Rcd. 8133, 8137 (2001). This action, by contrast, is about breach, not false advertising: it involves a promised cap for rate increases (via the CPI) and a limit on frequency to one a year.

*Telecommunications Research* was about blocking calls that would allow a caller to reach a different long-distance carrier and indirectly routing calls to a different carrier, in violation of § 201(b). *In the Matter of Telecomms. Rsch. & Action Ctr. & Consumer Action Complainants*, 4 FCC Rcd. 2157 (¶ 4 nn. 5–6) (1989). *Business Discount Plan* involved changing a customer's carrier without authorization. *In the Matter of Bus. Disc. Plan, Inc.*, 15 FCC Rcd. 24396, 24440 (2000). These cases are not about rate increases and do not support the proposition that misleading practices like the ones here are violations of § 201(b).

Finally, *Birch Communications* is about one company's wrongdoing: misrepresenting that they were affiliated with the consumers' carriers to switch them to Birch service, resulting in unwanted charges. *In the Matter of Birch Commc'ns, Inc.*, 31 FCC Rcd. 13510, 13510 (2016). It does not support the broad proposition that the FCC polices automatic renewals.

There is no FCC determination that gives rise to a private right of action. The claim is dismissed with prejudice.

### 1.2 UCL Claim

WiLine moves to dismiss the UCL claim for the plaintiffs' failure to allege that they have an inadequate remedy at law that would entitle them to pursue equitable relief.[17] The plaintiffs argue the court previously upheld the claim, precluding reconsideration under Rule 12(g).[18]

An amended complaint supersedes the original. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). New allegations can provide more context to illuminate a dispute. WiLine can attack the amended complaint through its motion.

The UCL provides equitable relief only if no adequate legal remedy exists. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (plaintiffs must plead inadequacy). The plaintiffs do not plead the inadequacy of damages to address the harm, as discussed at the hearing. The claim is dismissed with leave to amend.

As a result, paragraph 193 of the FAC is stricken for lack of relevance (given the dismissal of the UCL claim), without prejudice.[19]

### 1.3 False Promise Claim

WiLine moves to dismiss, arguing no promises were made or they were not false, and contends that the plaintiffs did not allege that the promises were false when made, in violation of Rule 9(b)'s requirement that fraud must be pleaded specifically.[20] The plaintiffs argue that these promises are in the contracts and intent is pled generally.[21]

A claim for fraud based on a false promise requires (1) a material misrepresentation, (2) knowledge of falsity, (3) an intent to defraud or induce reliance; (4) justifiable reliance, and (5) damage. *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F. Supp. 2d 929, 938–

---

[17] Mot. – ECF No. 58 at 27–30.

[18] Opp'n – ECF No. 62 at 25.

[19] But for this conclusion, the court would not strike it. The reference does not rehash the dismissed conversion claim in a manner warranting striking it on that ground. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.").

[20] Mot. – ECF No. 58 at 30–33.

[21] Opp'n – ECF No. 62 at 27.

39 (N.D. Cal. 2008). Fraud must be pled with particularity. Fed. R. Civ. P. 9(b).

The complaint adequately pleads false promise by alleging that WiLine promised annual CPI-tethered increases with thirty days' notice and that at the time, WiLine did not intend to perform.[22]

### 2. Motion to Strike Class Claims

A court may strike allegations that are redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Motions to strike class allegations are generally disfavored at the pleading stage unless it is clear that class treatment is not viable. *Cashatt v. Ford Motor Co.*, No. C19-5886, 2020 WL 1987077, at *3 (W.D. Wash. Apr. 27, 2020) (collecting cases); *see Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). Nonetheless, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009).

WiLine moves to strike the class allegations — now confined to the contract claim — under Rule 12(f), arguing that the FAC demonstrates on its face that class certification is impossible under Rule 23(b)(3) because individualized inquiries into each class member's contract, rate increases, notice, and reliance will predominate over common questions.[23] The plaintiffs respond that the class allegations are sufficient, and the motion is premature without discovery.[24]

The issues — whether WiLine raised rates more than annually, without notice, and untethered to the CPI — present common questions available for classwide resolution. Challenges to predominance are best resolved on a class-certification motion. *Cashatt*, 2020 WL 1987077, at *3.

---

[22] FAC – ECF No. 52 at 38–39 (¶¶ 202–11).
[23] Mot. – ECF No. 58 at 4–22.
[24] Opp'n – ECF No. 62 at 9–20.

**CONCLUSION**

The motion to strike the class allegations is denied: the analysis extends only to the contract claim, the surviving class claim. The § 201(b) claim (claim two) is dismissed with prejudice. The UCL claim is dismissed without prejudice, and with leave to amend. The motion to dismiss the false-promise claim is denied. The plaintiffs must file an amended complaint within twenty-one days and attach a blackline compare of the new complaint against the existing complaint.

**IT IS SO ORDERED.**

Dated: September 11, 2025

_____
LAUREL BEELER
United States Magistrate Judge