UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| W.A. CALL MFG. CO., INC., et al., | Case No. 24-cv-07141-LB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| WILINE NETWORKS INC., | Re: ECF No. 73 |
| Defendant. | |

**INTRODUCTION AND STATEMENT**

In this putative class action, business customers of WiLine Networks Inc. allege that WiLine unlawfully increased rates for broadband internet services in violation of their service agreements, obscured automatic renewal terms, and imposed early termination fees. The second amended complaint (SAC) asserts claims for breach of contract, a violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq., and false promise. The first two claims are class claims; the third claim is asserted by the named plaintiffs.[1]

WiLine moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the UCL claim for lack of Article III standing, arguing that the plaintiffs lack a cognizable injury because, as

---

[1] Second Am. Compl. (SAC) – ECF No. 70. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-07141-LB

sophisticated businesses with individually negotiated contracts, they are not protected by the UCL, and any harms are not traceable to WiLine's conduct.[2]

The court denies the motion. The plaintiffs have Article III standing. They suffered concrete economic injuries from alleged overcharges and fees, which are interests protected by the UCL where, as here, the plaintiffs allegedly are non-sophisticated businesses entering form contracts of adhesion. These injuries are fairly traceable to WiLine's alleged practices. WiLine's arguments, while raising factual disputes about contract negotiation and the plaintiffs' sophistication, do not defeat standing at this stage, as the evidence supports the plaintiffs' position sufficiently to survive a factual attack under Rule 12(b)(1). WiLine's challenges can be addressed in later proceedings after some discovery.

**ANALYSIS**

A complaint must contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The party asserting jurisdiction has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). If the defendant mounts a factual attack, he may rely on "affidavits or any other evidence properly before the court," in which case it "becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In such cases, "[t]he district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." *Id.*

---

[2] Mot. – ECF No. 73 at 12–19; Reply – ECF No. 79 at 5–14.

United States District Court
Northern District of California

Dismissal of a complaint without leave to amend should be granted only when the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

WiLine's motion presents a factual attack on subject-matter jurisdiction under Rule 12(b)(1), allowing the court to weigh evidence beyond the pleadings. Article III standing requires (1) a concrete and particularized injury-in-fact, (2) fairly traceable to the defendant's conduct, and (3) likely redressable by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

### 1. Injury

WiLine argues the plaintiffs were not injured because, as sophisticated businesses with negotiated contracts, their economic losses do not implicate an interest protected by the UCL, which targets harm to consumers or the public, not commercial disputes.[3] The plaintiffs contend their harms — overcharges and fees — are cognizable under the UCL because they are small, unsophisticated businesses subjected to adhesive form contracts.[4]

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. While businesses may sue under the UCL, standing requires economic injury caused by the unfair practice. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011). Courts limit UCL claims in business contexts to those affecting consumers or the public, not sophisticated parties in negotiated deals. *Linear Tech.*, 152 Cal. App. 4th at 135; *see also In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 998–99 (N.D. Cal. 2010) (focus on public/consumer impact).

Here, the plaintiffs establish a cognizable injury. Their declarations show that they are small operations (e.g., sole proprietorships, fewer than twenty employees) without legal sophistication, signing form CSAs without negotiation or bargaining power.[5]

[3] Mot. – ECF No. 73 at 12–17 (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007) (UCL not for ordinary commercial disputes)).

[4] Opp'n – ECF No. 75 at 5–7, 9–19 (citing *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-SC, 2015 WL 6638929, at *4–5 (N.D. Cal. Oct. 29, 2015) (UCL viable for form contracts with non-sophisticated plaintiffs)).

[5] *Id.* at 7–8 (summarizing declarations).

ORDER – No. 24-cv-07141-LB                  3

United States District Court
Northern District of California

WiLine's evidence of some customized terms (e.g., bandwidth adjustments) suggests some negotiations but does not change the outcome: the plaintiffs attest to no meaningful changes to core terms like rates or renewals.[6]

### 2. Traceability

WiLine argues any injuries are not traceable to its conduct but instead are attributable to the plaintiffs' failure to review terms or cancel services.[7] The plaintiffs assert traceability because the harms stem directly from WiLine's alleged breaches and obscuring of terms.[8]

Traceability requires that the injury be fairly attributable to the challenged action, not independent third-party conduct. *Lujan*, 504 U.S. at 560–61. In UCL cases, the challenged practice must cause the loss. *Kwikset*, 51 Cal. 4th at 326.

The plaintiffs' injuries trace to WiLine: the overcharges allegedly resulted from unauthorized rate increases and fees from the obscured renewals.[9] WiLine's self-inflicted harm argument fails, as the claims turn on WiLine's practices, not merely the plaintiffs' negligence. *See Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 566 (9th Cir. 2017) (UCL deceptive practices are fact questions). Traceability is established.

### 3. Whether the Challenge Merges with the Merits

The plaintiffs argue that WiLine's motion improperly attacks merits, not standing.[10] WiLine responds that its argument is jurisdictional.[11] Where jurisdictional facts intertwine with the merits, courts may deny the motion and defer resolution. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004). Here, sophistication and adhesion overlap with UCL elements. Also, as

---

[6] Opp'n – ECF No. 75 at 7–8 (summarizing declarations).

[7] Mot. – ECF No. 73 at 18–19; Reply – ECF No. 79 at 13–14.

[8] Opp'n – ECF No. 75 at 16–17.

[9] SAC – ECF No. 70 at 5–6 (¶¶ 22–26).

[10] Opp'n – ECF No. 75 at 17–18.

[11] Reply – ECF No. 79 at 15–16.

ORDER – No. 24-cv-07141-LB    4

discussed above, the issue is more appropriately discussed in the context of some fact development.

## CONCLUSION

The defendant's motion to dismiss is denied. This resolves ECF No. 73.

**IT IS SO ORDERED.**

Dated: January 30, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 24-cv-07141-LB                    5