UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| W.A. CALL MFG. CO., INC., et al., | Case No. 24-cv-07141-LB |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| | Re: ECF No. 87 |
| WILINE NETWORKS INC., | |
| Defendant. | |

The dispute concerns the plaintiffs' discovery requests for documents relating to the proposed class. The issue is the scope of pre-certification discovery, including whether discovery should be phased to start with the named plaintiffs in aid of early summary judgment, and, if not, the scope of class discovery, including whether sampling is appropriate and, if so, the size of the sample. This order resolves the dispute.

The defendant proposes phases for discovery: (1) discovery limited to the five named plaintiffs; (2) an early summary-judgment motion; and (3) discovery for the class-certification motion. The defense view generally is that that contracts were negotiated individually, with sophisticated business clients, precluding class certification.[1] The court already has rejected the

---

[1] Opp'n – ECF No. 91 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-07141-LB

United States District Court
Northern District of California

motion to strike the class allegations.[2] Discovery is the vehicle to test the class allegations, including the allegations that the provisions were applied systemically.[3]

The issue then is sampling and the appropriate sampling percentage. The plaintiffs proposed fifty percent initially and then — limited to 2022 to 2024 — a thirty- to forty-percent sample.[4] The defendant proposes sampling under five percent and specify 0.83 percent, which is 37 files out of 4,456 customers.[5]

The larger the sample, the more likely it is to reflect the population; the smaller the sample, the less likely it is to do so, regardless of the degree of heterogeneity. *Duran v. U.S. Bank, N.A.*, 59 Cal. 4th 1, 42–49 (2014) (small or non-representative samples risk unreliable results and high error rates). Here, the defense case is that the plaintiffs are unique, incurred different rates for services, and had contracts with distinct terms.[6] The risk is that a minimal sample does not provide a meaningful basis for analysis. At the same time, the plaintiffs' proposed sample would impose a disproportionate burden, given the file-by-file review that the defendants identify: a manual review of 4,456 customers, with only two employees able to perform the work, with three hours of review for each file.[7] The court must balance the need for representative discovery against the burden and cost of production under Rule 26(b)(1)'s proportionality standard.

California and Ninth Circuit authority confirm that the appropriate scope of sampling is case-specific and must balance the need for representative discovery against the burden of production. *Duran*, 59 Cal. 4th at 42–49; *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (plaintiffs are entitled to reasonable discovery necessary to evaluate class certification). Here, considering the variation among putative class members and the burden of manual review, a ten-percent sampling

---

[2] Order – ECF No. 66.

[3] *Id.* at 7.

[4] Mot. – ECF No. 87 at 1–2.

[5] Opp'n – ECF No. 91 at 5 (citing *Transamerican Ref. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 622 (S.D. Tex. 1991); *Duvaney v. Delta Air Lines, Inc.*, 2025 WL 973919, at *5 (D. Nev. Apr. 1, 2025) (sample size of five percent sufficient given burden and the plaintiff's failure to explain why a small sample size was insufficient).

[6] Opp'n – ECF No. 91 at 2.

[7] Disc. Letter Br. – ECF No. 81 at 3; Opp'n – ECF 91 at 4.

ORDER – No. 24-cv-07141-LB                    2

rate is reasonable and proportional: it is sufficiently large to allow meaningful analysis of classwide issues while avoiding undue burden under Rule 26(b)(1). This conclusion is subject to further illumination through the parties' proposals for a sampling protocol.

**IT IS SO ORDERED.**

Dated: February 12, 2025

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 24-cv-07141-LB                    3